**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY TUSWEET SMITH | |
| Appellant | No. 137 WDA 2014 |

Appeal from the PCRA Order December 18, 2013
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000967-2001

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                              **FILED AUGUST 13, 2014**

Anthony Tusweet Smith appeals *pro se* from the order entered on December 18, 2013, in the Court of Common Pleas of Beaver County, that dismissed, without a hearing, his third petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Smith claims (1) all prior appellate and post conviction counsel were ineffective with regard to a stipulation made at trial, (2) that Smith is entitled to discovery, and (3) that the PCRA's time limitation is unconstitutional.  Based upon the following, we affirm.

The PCRA court aptly summarized the relevant procedural history of this case in its Preliminary Order and Notice of Court, issued pursuant to Pa.R.Crim.P. 907(1), and therefore we do not restate it here.  **See** PCRA Court Preliminary Order and Notice of Court, 10/18/2013, at 1–2.

In response to the court's Rule 907 notice, Smith filed a pleading captioned "Amended Post-Conviction Relief Act Petition" on November 20, 2013. On December 18, 2013, the PCRA court dismissed Smith's petition as untimely, and this appeal followed.

Preliminary, we state the principles that guide our review:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011), *appeal denied*, 72 A.3d 600 (Pa. 2013) (citations and quotation marks omitted). Furthermore,

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16–17 (Pa. 2012) (case citations and footnote omitted).

Instantly, Smith's judgment of sentence became final on September 29, 2004, upon expiration of the 90-day appeal period for filing a petition for writ of *certiorari* in the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S. Sup.Ct. Rule 13 (allowing 90 days to file a petition for writ of *certiorari*). Therefore, Smith had one year from that date to file a petition for collateral relief. ***See*** 42 Pa.C.S. § 9545(b)(1). Here, Smith filed the current petition on August 28, 2013, nearly nine years after his judgment of sentence became final.

Our review of the record in light of the PCRA and relevant case law confirms that the PCRA court correctly determined Smith's petition was untimely and that he failed to prove a statutory exception to the PCRA's one year time-bar. Moreover, we adopt the discussion of the PCRA court as dispositive of this appeal. ***See*** PCRA Court Opinion, 12/19/2013.[1]

_____

[1] To the PCRA court's analysis, we simply add that this Court has held that the PCRA's time restriction is constitutionally valid. ***See Commonwealth v. Peterkin***, 722 A.2d 638, 643 (Pa. 1998) ("the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit [a petitioner's] constitutional right to *habeas corpus* relief."); ***see also Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (reiterating that the time-for-filing restriction of the PCRA is reasonable and does not run afoul of a petitioner's due process rights).

Accordingly, as neither the PCRA court, nor this Court, has jurisdiction to address the substantive claims raised in Smith's untimely petition, **see Jones, supra**, we affirm the order of the PCRA court that dismissed, without a hearing, this third petition seeking post-conviction relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/2014

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :

              vs. :      No.   967-2001

ANTHONY TUSWEET SMITH : .

                   :

### PRELIMINARY ORDER AND NOTICE OF COURT

MANCINI, J.                              SEPTEMBER _____, 2013

Pursuant to Pennsylvania Rule of Criminal Procedure 907(1) the Defendant is hereby served notice of this Court's intention to dismiss his petition for relief under the Post Conviction Relief Act without a hearing because the petition is untimely.

### Procedural History[1]

On March 5, 2002, following a trial by jury, the Defendant was convicted of aggravated assault and criminal attempt to commit homicide. On April 17, 2002, the Defendant was sentenced to 120 to 240 months of incarceration. The judgment of sentence was affirmed by the Superior Court of Pennsylvania on February 3, 2004.[2] The Defendant filed a timely petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on July 1, 2004.[3] The Defendant did not seek review by the Supreme Court of the United States.

---

[1] The following is an abbreviated procedural history; the Defendant has filed a myriad of *pro se* motions that need not be described with any particularity.

[2] See 1442 WDA 2002. The Superior Court vacated the restitution portion of the Defendant's sentence. The Defendant was re-sentenced, with regard to restitution only, on September 22, 2004.

[3] See 129 WAL 2004.

1

The Defendant filed his first, counseled, PCRA petition on September 20, 2005. Following the filing of this counseled petition, attorney Thomas Farrell was permitted to withdraw from representation due to a conflict of interest and attorney Steven Valsimidis was appointed. The Defendant elected to proceed with his PCRA *pro se* and Mr. Valsimidis was permitted to withdraw. Following a hearing, the PCRA was denied on November 5, 2007 and the Defendant did not appeal.

The Defendant filed a *pro se*, PCRA Petition on June 3, 2008. This Petition was captioned with Beaver County case numbers 967-2001 (the case at bar), 147-2005, 294-2005, 1148-2005 and 1151-2005. The Court initially appointed counsel, however, upon consideration of the Defendant's prior rejection of counsel in this and other cases, the Court rescinded the appointment and advised the Defendant to file a written request for counsel if he desired representation. On September 22, 2008, after providing the requisite notice, the Court dismissed the PCRA. The Defendant filed a notice of appeal captioned with case number 1148-2005, though the filing contained additional documents captioned with all five of the aforementioned Beaver County cases. As a result, the Defendant's appeal was deemed applicable only to case number 1148-2005.[4]

The PCRA Petition currently under review was filed on August 28, 2013.

---

[4] In said appeal, this Court's dismissal of the PCRA was affirmed by the Superior Court of Pennsylvania on November 20, 2009 at docket number 66 WDA 2009 and the Defendant's Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on June 30, 2010 at docket number 603 WAL 2009.

2

Opinion

Pennsylvania Rule of Criminal Procedure 901(A) provides that "[a] petition for post-conviction collateral relief shall be filed within one year of the date the judgment becomes final, except as otherwise provided by statute." "Judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). 42 Pa.C.S.A. §9545(b)(3). Here, the Defendant's judgment became final on or about September 29, 2004, ninety-one days after his Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania and he declined to seek review by the Supreme Court of the United States. See also U.S.Sup.Ct. Rule 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.") Therefore, the Defendant had until September 29, 2005 to file a timely PCRA.[5]

The Defendant may proceed with a Petition filed beyond one year only if he alleges and proves:

> "(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[5] Alternatively, the Defendant was re-sentenced, with regard to restitution only, on September 22, 2004 and did not appeal. Therefore judgment would become final on or about October 23, 2004, thirty-one days following sentence when he failed to file a direct appeal, and the Defendant would have until October 23, 2005 to file a timely PCRA. As September 29 and October 23 of 2005 have both long since passed, the Court need not determine the precise date of finality.

3

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

42 Pa.C.S.A. §9545(b)(1).

This PCRA Petition has been filed nearly eight years beyond the required date and, so far as this Court is capable of determining, the Petition fails to allege or prove any of the three statutory exceptions listed above.

The time limitations pursuant to ... the PCRA are jurisdictional. Jurisdictional time limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

Commonwealth v. Jackson, 30 A.3d 516, 519 (Pa.Super. 2011) (internal citations and quotations omitted).

## Conclusion

The Court finds that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. Therefore, a Rule to Show Cause is issued upon Defendant, ANTHONY TUSWEET SMITH, to show cause, if any, either on his own, *pro se*, or if he elects to retain private counsel and that counsel has entered his

appearance with this Court,[6] as to why this Court should not dismiss Defendant's request for PCRA relief. Said Rule shall be returnable and any written response must be filed within thirty (30) days of this Notice with the Beaver County Clerk of Courts.

BY THE COURT:

_____ J.

---

[6] The Court is not required to appoint counsel in a second or subsequent P.C.R.A. Petition unless a hearing is required or if the interest of justice so requires. See Pa.R.Crim.Pro. Rule 904(D), Rule 904(E), and Rule 904 *Comment*. As discussed above, the Court finds that a hearing is not required.

5